IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| IN RE:  ROBERT ANDREW and          MONICA LYNN GRANDERSON, Debtors | CASE NO.: 5:08-bk-12057 CHAPTER 7 |
| RENEE S. WILLIAMS, TRUSTEE | PLAINTIFF |
| v.          AP NO.: 5:09-ap-01059 | |
| JP MORGAN CHASE BANK USA, N.A., and 21ST MORTGAGE CORP. | DEFENDANTS |

## MEMORANDUM OPINION

Before the court is the Complaint [Complaint] of the Chapter 7 Trustee Renee Williams [Trustee] in which she seeks to avoid the lien on the mobile home of the debtors, Robert and Monica Granderson [debtors], pursuant to 11 U.S.C. § 544 and to require its turnover pursuant to 11 U.S.C. § 542.  The lien on the mobile home was originally held by JP Morgan Chase Bank USA, N.A. [Chase].  Currently, 21st Mortgage Corporation [21st Mortgage] asserts that Henley Holdings, LLC [Henley] is the holder of the lien and that 21st Mortgage, as the servicing agent for Henley, is entitled to assert Henley's rights in the collateral.  A trial was held on October 19, 2009.  For the reasons stated below, the Trustee's Complaint is denied and dismissed.

### I. Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (K).  The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## II.  Background

In their pleadings, the parties concur that Chase perfected its lien on the debtors' mobile home by having its lien noted on the mobile home's certificate of title when it was issued by the Arkansas Office of Motor Vehicles.  Chase also admitted in its answer that it had assigned the lien and no longer claimed an interest in the mobile home. (Answer of J.P. Morgan Chase Bank, N.A. at 2, ¶ 8.)  In its Amended Answer, 21st Mortgage maintained that Henley was the assignee of the lien and held a perfected security interest in the mobile home. (21st Mortgage's Amended Answer at 2-3, ¶ 9.)  As the servicing agent for Henley, 21st Mortgage also asserted that it was authorized to act on Henley's behalf and assert in 21st Mortgage's name Henley's interest in the mobile home. *Id.*  The Trustee argued that because Chase's name appeared as the lienholder on the certificate of title at the time the debtors filed bankruptcy, 21st Mortgage was an unperfected assignee.  She also argued that because Chase disclaimed its interest in the lien, it was no longer a creditor and held no interest in the collateral.  Therefore, according to the Trustee, no entity held a perfected lien.  As such, the Trustee asserted that the lien on the debtors' mobile home could be avoided pursuant to 11 U.S.C. § 544, and Chase should be required to turn over the mobile home pursuant to 11 U.S.C. § 542.

## III.  Discussion

### A.  Chase's Interest in the Mobile Home

At trial, the Trustee introduced two exhibits—the certificate of title on the debtors' mobile home issued June 1, 2001, which noted Chase's lien (Pl.'s Ex. 1.), and the Motion of J.P. Morgan Chase Bank, N.A. to be Dismissed as a Defendant (Pl.'s Ex. 2.), in which Chase acknowledged that it had transferred its interest in the mobile home and thus had no interest that

2

the Trustee could avoid. After introducing these two exhibits, the Trustee rested. Chase and 21st Mortgage then moved for a directed verdict. The court granted Chase's motion but denied 21st Mortgage's motion.

### B. 21st Mortgage's Interest in the Mobile Home

### 1. Assignment of the Lien to 21st Mortgage

After the Trustee rested, 21st Mortgage presented evidence outlining how Henley acquired the lien on the debtors' mobile home and 21st Mortgage's position as servicer of the lien for Henley. The debtors purchased the mobile home from Modern Homes Inc./Modern Homes Center [Modern Homes] on April 27, 2001. (Def.'s Ex. 21.) Modern Homes, on the same day, assigned its interest in the mobile home to Chase. (Def.'s Ex. 22.) 21st Mortgage produced a witness, Nicholas Smith,[1] who verified documents showing that Vanderbilt Mortgage and Finance, Inc. [Vanderbilt] purchased certain contracts, including the debtors' retail installment contract on the mobile home, from Chase. (Def.'s Exs. 8, 14.) Vanderbilt then assigned its interest and lien to Henley. (Def.'s Ex. 12.) 21st Mortgage produced the Servicing Agreement between it and Henley that allowed 21st Mortgage to service the debtors' contract (Def.'s Ex. 15.) and the documentation providing 21st Mortgage with the power of attorney over the debtors' contract. (Def.'s Ex. 16.)

Accordingly, Henley holds the contract and lien on the debtors' mobile home and 21st Mortgage has the authority to act on Henley's behalf in these proceedings. Because Chase perfected its lien and Henley holds the lien, the only issue remaining is whether Henley is the

---

[1] Mr. Smith testified that he is currently employed by 21st Mortgage and has been for the previous six years, including the time in which Henley acquired the lien on the debtors' mobile home.

3

holder of a perfected lien under Arkansas law.

## 2. Perfection of a Lien on a Mobile Home

The Trustee argued at trial that even if 21st Mortgage held a valid lien on the mobile home, it had not perfected its lien at the time the debtors filed their bankruptcy petition and thereby could be avoided. The Trustee contended that the assignee of a lien on a mobile home must comply with Arkansas Code Annotated § 27-14-908(b), which states: "The Office of Motor Vehicle, upon receiving a certificate of title assigned by the holder of a lien or encumbrance shown thereon and giving the name an address of the assignee, shall issue a new certificate of title as upon an original application." The Trustee insisted that because the certificate of title, at the time the debtors filed their bankruptcy petition, showed Chase as the lienholder, 21st Mortgage had not perfected its lien on the mobile home pursuant to Arkansas Code Annotated § 27-14-908. (Pl.'s Reply to 21st Mortgage Corp.'s Supp. Resp. and Br. at 4.)

In a recent opinion, *In re Johnson*, Judge James G. Mixon found that Arkansas law provides that a perfected lien on a recreational vehicle remains perfected when assigned even if the assignee takes no further action. 407 B.R. 364, 368 (Bankr. E.D. Ark. 2009).[2] Mobile homes are subject to the same perfection requirements as automobiles and recreational vehicles. Rice v. Simmons First Bank of Searcy (*In re Renaud*), 302 B.R. 280, 285 (Bankr. E.D. Ark. 2003). This court accordingly adopts the same statutory scheme and conclusions that Judge Mixon reached in *In re Johnson*. The Trustee admitted that Chase properly perfected its lien. An assignee of that lien need not take any further action for the lien to remain perfected under Arkansas law.

---

[2] Chief Judge Audrey R. Evans adopted Judge Mixon's reasoning in Gaines v. Ford Motor Credit Corp. (*In re Gaines*), No. 09-1074, 2009 WL 2768958, at *3 (Bankr. E.D. Ark. 2009), in which the collateral in question was a 2007 Ford Fusion.

4

Thus, because the court finds that the assignee of the lien perfected by Chase does not have to take any further action to remain perfected, and Henley has proven that it is the holder of the lien, Henley is the holder of a perfected lien under Arkansas law.

## IV. Conclusion

For the reasons stated herein, the Trustee's request to avoid the lien on the debtors' mobile home pursuant to 11 U.S.C. § 544 and request for turnover pursuant to 11 U.S.C. § 542 are denied and dismissed.

IT IS SO ORDERED.

November 4, 2009
DATE

RICHARD D. TAYLOR
UNITED STATES BANKRUPTCY JUDGE


cc: James C. Hunt, Attorney for the Debtors
Phyllis M. Jones, Attorney for 21st Mortgage
Thomas S. Streetman, Attorney for the Chapter 7 Trustee
Charles T. Ward, Jr., Attorney for Chase
Rene Williams, Chapter 7 Trustee

EOD 11/4/2009
by T Wilkins